Michael A. Strauss, SBN 246718
mike@palaylaw.com
Andrew C. Ellison, SBN 283884
andrew@palaylaw.com
**PALAY LAW FIRM**
121 North Fir Street, Suite "F"
Ventura, CA 93001
Telephone: (805) 641-6600
Facsimile: (805) 641-6607

Attorneys for Plaintiff Michael Chargin

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL CHARGIN, an Individual, | **CASE NO:** |
| Plaintiff, | |
| vs. | **COMPLAINT; DEMAND FOR JURY TRIAL** |
| STEPHEN VOGEL, an Individual; BENNETT VALLEY PROPERTIES, LLC a California Limited Liability Company; and DOES 1 through 100, inclusive, | |
| Defendants. | |

**TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**COMES NOW**, Plaintiff MICHAEL CHARGIN (hereinafter referred to as "PLAINTIFF"), and submits the following Complaint against Defendants STEPHEN VOGEL and BENNETT VALLEY PROPERTIES, LLC and DOES 1 through 100, inclusive and each of them, as follows:

1.      At all times herein mentioned, PLAINTIFF was an employee working in the state of California, County of Sonoma for STEVEN VOGEL and BENNETT VALLEY PROPERTIES, LLC and DOES 1 through 100 (hereinafter collectively referred to as "DEFENDANTS").  He resided and worked for DEFENDANTS in the City of Santa Rosa, California.

2.      At all times herein mentioned, VOGEL is and has been an individual with his residence and principal place of business in the County of Santa Clara, California.

3.      At all times herein mentioned, BENNETT VALLEY PROPERTIES LLC is and has been a California limited liability company with its principal place of business in the county of Santa Clara, California.

4.      PLAINTIFF is ignorant of the true names and capacities of Defendants DOES 1 through 100, inclusive, and by reason thereof sues said DOE Defendants by their fictitious names.

5.      PLAINTIFF will ask leave of Court to amend this Complaint to allege the true names and capacities of said DOE Defendants when the same have been fully and finally ascertained.

## VENUE AND JURISDICTION

6.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.  PLAINTIFF claims violations of the Fair Labor Standards Act (29 U.S.C. § 201, et seq.).

7.      Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b)(1), (b)(2), & (c), because DEFENDANTS transacted significant business within this district and therefore are subject to personal jurisdiction in this district and because a substantial part of the events giving rise to the claims alleged occurred in this district.  PLAINTIFF worked and resided in Santa Rosa, California, in a property owned and/or operated by DEFENDANTS.

## UNDERLYING FACTS

8.      PLAINTIFF worked for DEFENDANTS from May 2009 through January

1  2013 as a live-in custodian and Resident Apartment Manager of a 28-unit apartment
2  building located at the corner of 3944 Mayette Avenue, Santa Rosa, California 95405
3  and 1300 Yulupa Avenue, Santa Rosa, California 95405.     During his tenure
4  DEFENDANTS agreed to pay PLAINTIFF $10.00 per hour; however, PLAINTIFF was
5  never paid at all. DEFENDANTS did not keep accurate records of hours worked by
6  PLAINTIFF.  PLAINTIFF was a non-exempt employee and entitled to be paid at least
7  the minimum wage for all hours worked.  At all times, DEFENDANTS failed to pay
8  PLAINTIFF the federal and/or California minimum wage for all hours worked.

9      9.     PLAINTIFF signed a lease-agreement with DEFENDANTS in which he
10  purportedly received money in the form of a credit for work performed by "Handymike
11  Co."  Based on this language, PLAINTIFF alleges that DEFENDANTS have illegally
12  misclassified him as an independent contractor.

13     10.    In December of 2012 and January of 2013 PLAINTIFF complained to
14  DEFENDANTS about not receiving lawful wages. He was denied.  Plaintiff's counsel
15  sent DEFENDANTS a letter with subject, "Notice of Pending Claim re: Unpaid Wages"
16  dated January 15, 2013 articulating the basis of PLAINTIFF's wage claim.     In
17  retaliation DEFENDANTS terminated PLAINTIFF's employment on or about January
18  31, 2013. DEFENDANTS gave PLAINTIFF four days to move out of his home.

19     11.    PLAINTIFF faithfully fulfilled his enumerated duties while employed by
20  DEFENDANTS.

21                    **FIRST CAUSE OF ACTION**

22     **(Action Brought By PLAINTIFF For The Failure to Pay Minimum Wage in**

23        **Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.***

24                   **Against All DEFENDANTS)**

25     12.    PLAINTIFF incorporates by reference and re-alleges each and every one
26  of the allegations contained in the preceding and foregoing paragraphs of this
27  Complaint as if fully set forth herein.

28     13.    At all times relevant herein, PLAINTIFF has been entitled to the rights,

1    protections and benefits provided under the Fair Labor Standards Act, 29 U.S.C. § 201,
2    *et seq.* ("FLSA").

3        14.    At all relevant times, DEFENDANTS have been, and continue to be, an
4    "employer" engaged in "commerce" within the meaning of 29 U.S.C. § 203.  At all
5    relevant times, DEFENDANTS have employed "employees," including PLAINTIFF,
6    within the meaning of the 29 U.S.C. § 203.

7        15.    The FLSA requires DEFENDANTS, as covered employers, to compensate
8    all non-exempt employees for all hours worked at a rate not less than the minimum
9    wage set forth at 29 U.S.C. § 206.

10       16.    PLAINTIFF is entitled to compensation for all hours worked at a rate not
11   less than those set out above.

12       17.    PLAINTIFF was routinely not compensated at the federal minimum wage
13   for hours worked for DEFENDANTS.

14       18.    DEFENDANTS violated 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §
15   206(a)(1), by failing to pay PLAINTIFF for all hours actually worked at the minimum
16   wage rates prescribed therein.  These violations of the FLSA were knowing and willful
17   within the meaning of 29 U.S.C. § 201 *et seq.*

18       19.    DEFENDANTS have neither acted in good faith nor with reasonable
19   grounds to believe their actions and omissions were not in violation of the FLSA.  As a
20   result thereof, PLAINTIFF is entitled to recover an award of liquidated damages in an
21   amount equal to the amount of unpaid wages as described by section 16(b) of the FLSA
22   at 29 U.S.C. § 215(b).  Alternatively, should the Court find DEFENDANTS acted in
23   good faith in failing to pay its employees minimum wage, PLAINTIFF is at least
24   entitled to an award of the unpaid wages and prejudgment interest at the applicable
25   legal rate.

26   ///
27   ///
28   ///

## SECOND CAUSE OF ACTION

### (Action brought by PLAINTIFF for the Failure to Pay Wages Owed
### Under the California Labor Code
### Against All DEFENDANTS)

20.    PLAINTIFF incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

21.    PLAINTIFF was a non-exempt employee who worked for DEFENDANTS during the period of in or about May 2009 through in or about January 2013 almost continuously as a custodian and handyman, and additionally as a resident apartment manager during various stretches within that period.

22.    California Labor Code section 200 defines "wages" as including all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

23.    PLAINTIFF was not and has not been paid all wages owed at the time of his termination. California law holds that all wages earned are due and payable no less frequently than twice a month during the time period when the wages were earned. Cal. Lab. Code § 204. Moreover, if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. Cal. Lab. Code § 201. Here, PLAINTIFF has not been paid all wages owed within the time provided. The wrongful acts of DEFENDANTS include but are not limited to intentionally denying PLAINTIFF straight-time, minimum wage, and overtime wages as defined in California Labor Code section 510 (which encompasses doubletime wages by definition) that DEFENDANTS should have paid under the California Labor Code and regulations promulgated by the California Industrial Welfare Commission.

24.    Any work in excess of eight hours in one workday or any work in excess of forty hours in any one workweek must be compensated at a rate of no less than one

1  and one-half times the employee's regular rate of pay, which must be at least minimum
2  wage. Any work in excess of 12 hours in one day shall be compensated at the rate of no
3  less than twice the regular rate of pay for an employee. Wages must be paid no later
4  than the regular payroll period following the period in which the overtime or
5  doubletime was worked. DEFENDANTS required PLAINTIFF to work in excess of
6  eight hours in one workday and forty hours in any one workweek without compensating
7  PLAINTIFF one-and-one-half times his regular rates of pay, in violation of California
8  law. DEFENDANTS also did not compensate PLAINTIFF for his straight-time hours
9  at the minimum wage.

10  25.  The exact amount of straight-time, minimum, and overtime wages owed
11  will not be fully ascertained until discovery is completed. Until DEFENDANTS
12  produce the necessary documents for an accounting, PLAINTIFF is unable to determine
13  the exact amount of overtime and doubletime wages owed.

14  26.  DEFENDANTS are aware that they owe the wages claimed, yet they have
15  willfully failed to make payment.

16  27.  Pursuant to California Labor Code section 203, DEFENDANTS have
17  willfully failed to pay without abatement or reduction, in accordance with California
18  Labor Code sections 201, 510 and 1194 all of the wages of PLAINTIFF.
19  DEFENDANTS are aware that they owe the wages claimed by PLAINTIFF, yet
20  DEFENDANTS willfully failed to make payment. As a result, PLAINTIFF seeks
21  wages and waiting-time penalties pursuant to California Labor Code section 203. These
22  penalties consist of up to 30 days of pay for PLAINTIFF at his regular rate of pay.

23  28.  PLAINTIFF has been available, and ready to receive wages owed to him.
24  PLAINTIFF has never refused to receive any payment, nor has PLAINTIFF been
25  absent from his regular place of residence.

26  29.  Pursuant to California Labor Code section 218.6, PLAINTIFF requests
27  interest on all wages owed. PLAINTIFF also requests all unpaid wages, penalties and
28  interest.

30.   Pursuant to California Labor Code section 1194, PLAINTIFF requests the Court to award PLAINTIFF's reasonable attorney's fees and costs incurred in this action.

31.   PLAINTIFF also seeks liquidated damages pursuant to California Labor Code section 1194.2 in an amount equal to the amount of unpaid minimum wages owed, which shall be determined at trial.

## THIRD CAUSE OF ACTION

**(Action brought by PLAINTIFF for Violation of California Labor Code § 226 Against All DEFENDANTS)**

32.   PLAINTIFF incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

California Labor Code section 226 provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece- rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

7

33.   In this case, DEFENDANTS have knowingly and intentionally failed to provide such wage deduction statements.  PLAINTIFF regularly earned wages without a payroll deduction statement.

34.   PLAINTIFF has been damaged by this failure to provide these accurate statements because he did not receive any such statements.  PLAINTIFF seeks damages or the maximum penalty available under California Labor Code section 226(e).

35.   Pursuant to California Labor Code section 226(e), PLAINTIFF requests the court to award PLAINTIFF's reasonable attorney's fees and costs incurred by PLAINTIFF in this action.  PLAINTIFF also requests an injunction and/or order that the DEFENDANTS provide these wage deductions statements to PLAINTIFF.

## FOURTH CAUSE OF ACTION

### (Failure To Reimburse Work-Related Expenses

### Against All DEFENDANTS)

36.   PLAINTIFF incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

37.   California Labor Code section 2802 provides that California employees must be reimbursed for their employment-related expenses.  California Labor Code section 2802 states in pertinent part that:

> "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

38.   DEFENDANTS violated section 2802 by requiring PLAINTIFF to (a) Pay monthly for the business phone that the DEFENDANTS required him to carry; (b) Use his own vehicles in the regular course of his employment by DEFENDANTS, without

1  reimbursement for gasoline, or other expenses related to the operation of a motor
2  vehicle; and (c) Purchase maintenance and building materials without reimbursement.
3  By this and similar acts the DEFENDANTS have violated section 2802.

4      39.   PLAINTIFF incurred substantial expenses in order to perform his job for
5  the benefit if DEFENDANTS and was not reimbursed.

6      40.   PLAINTIFF has sustained economic damages and losses in the amount of
7  the actual cost of the equipment and phone services purchased by PLAINTIFF as
8  required by DEFENDANTS for the necessary discharge of his duties; and the actual
9  cost of using his vehicles as required by DEFENDANTS for the necessary discharge of
10 his duties.

11     41.   California Labor Code section 2802(c) provides that the employee may
12 recover all reasonable costs, including attorneys' fees, for enforcing the employee's
13 right under this section.   PLAINTIFF has incurred costs and attorneys' fees, for
14 enforcing his rights under section 2802.   PLAINTIFF is entitled to recover his
15 reasonable attorneys' fees and costs in an exact amount to be proven at trial.

16               **FIFTH CAUSE OF ACTION**
17     **(Action brought by PLAINTIFF for Wrongful Termination in**
18     **Violation of Public Policy Against All DEFENDANTS)**

19     42.   PLAINTIFF incorporates by reference and re-alleges each and every one
20 of the allegations contained in the preceding and foregoing paragraphs of this
21 Complaint as if fully set forth herein.

22     43.   The unlawful conduct of DEFENDANT, as indicated in the preceding
23 paragraphs, resulted in the wrongful termination of the employment of PLAINTIFF in
24 violation of the stated policy of this state.  California law holds that an employer may
25 not terminate an employee to avoid paying wages or because an employee has
26 complained that he or she is not being paid in accordance with California law or has
27 been misclassified in accordance with California law. See Cal. Lab. Code §§ 98.6,
28 1102.5; Johnson v. Transworld Airlines, 149 Cal.App.3d 518 (1983); Phillips v.

1  Geminis Moving Specialists, 63 Cal.App.4th 563 (1998).  In this case, it is alleged that
2  PLAINTIFF was terminated as a direct result of his complaint of failure to pay wages.
3  See Schultz v. Spraylat Corp., 866 F.Supp. 1535 (C.D. Cal. 1994).  It is against the law
4  to discriminate, retaliate or terminate any employee because he or she has made a
5  complaint concerning his or her wages.  See Cal. Lab. Code §§ 98.6, 1102.5.

6      44.  As a direct and proximate result of the conduct of DEFENDANTS, and
7  each of them, as alleged aforesaid, PLAINTIFF has suffered and continues to suffer
8  humiliation, embarrassment, loss of employment and attendant earnings and job
9  benefits, all to PLAINTIFF's damage in an amount in excess of the jurisdictional
10  minimum of this court, the exact amount of said damages to be proven at the time of
11  trial.

12      45.  The acts alleged in this Complaint, specifically, the termination of the
13  PLAINTIFF, were approved and ratified, by an officer and/or director of his employer.
14  As a result, DEFENDANTS, and each of them, committed the acts described in this
15  Complaint oppressively, fraudulently, and maliciously, entitling PLAINTIFF to an
16  award of punitive damages against DEFENDANTS in an amount appropriate to punish
17  them and to make an example of them.

18  **SIXTH CAUSE OF ACTION**
19  **(Action brought by PLAINTIFF for Violation of the Private Attorneys General**
20  **Act of 2004 (California Labor Code § 2698 et seq.)**
21  **Against All DEFENDANTS)**

22      46.  PLAINTIFF incorporates by reference and re-alleges each and every one
23  of the allegations contained in the preceding and foregoing paragraphs of this
24  Complaint as if fully set forth herein.

25      47.  Pursuant to California Labor Code § 2698, et seq., PLAINTIFF is entitled
26  to recover civil penalties on behalf of himself and other persons who are or were
27  employed by the alleged violator and against whom one or more of the alleged
28  violations was committed. PLAINTIFF is pursuing civil penalties for violations of the

1   California Labor Code sections set forth below on his own behalf and on behalf of all
2   other aggrieved employees of DEFENDANTS.

3       48.   One or more of the alleged violations set forth below was committed
4   against PLAINTIFF, and PLAINTIFF is therefore an "aggrieved employee" under
5   California Labor Code § 2699(c), which provides in relevant part, "(c) For purposes of
6   this part, "aggrieved employee" means any person who was employed by the alleged
7   violator and against whom one or more of the alleged violations was committed."

8       49.   Labor Code § 200 defines "wages" as including all amounts for labor
9   performed by employers of every description, whether the amount is fixed or
10  ascertained by the standard of time, task, piece, commission basis, or other method of
11  calculation.

12      50.   California Labor Code § 201 provides that all wages shall become due and
13  payable immediately upon termination.  In this case, DEFENDANTS have refused and
14  continue to refuse to pay PLAINTIFF all wages owed.

15      51.   California Labor Code § 203 establishes a statutory penalty for willful
16  violations of Labor Code §§ 201 or 202.  It is alleged that there has been a willful
17  violation of Labor Code §201 because DEFENDANTS have failed to pay the
18  outstanding wages owed to PLAINTIFF.

19      52.   California Labor Code § 558 provides that "Any employer or other person
20  acting on behalf of an employer who violates, or causes to be violated, a section of this
21  chapter or any provision regulating hours and days of work in any order of the
22  Industrial Welfare Commission shall be subject to a civil penalty."    Here,
23  DEFENDANTS have failed to pay the outstanding wages owed to PLAINTIFF.

24      53.   California Labor Code § 226 requires employers to provide itemized wage
25  statements to their employees.  DEFENDANTS herein failed to provide any itemized
26  pay stubs to PLAINTIFF.

27      54.   California Labor Code § 226.8 provides that "[i]t is unlawful for any
28  person or employer to engage in ... [w]illful misclassification of an individual as an

independent contractor." Here, PLAINTIFF alleges that DEFENDANTS have willfully misclassified him as described in California Labor Code § 226.8.

55.     California Labor Code § 98.6 makes it illegal to discharge an individual because he or she has made a bona fide complaint concerning his or her rights. Here, PLAINTIFF alleges that he was terminated in violation of California Labor Code § 98.6 for complaining that he was not paid.

56.     Defendants, and each of them, are subject to civil penalties for the abovementioned illegal conduct, pursuant to California Labor Code § 2699.

57.     PLAINTIFF seeks all civil penalties available for the violation of the aforementioned statutes.   The following statutes have a specifically provided civil penalty that PLAINTIFF seeks (the penalty provisions are in parentheses): § 203 (§ 256), § 226 (§ 226.3), § 226.8 (§ 226.8), § 510 and (§ 558).The rest do not have a civil penalty specifically provided for a violation thereof.   Thus, unless they have a specifically provided civil penalty, the default civil penalty set forth in California Labor Code § 2699(f) applies to the remaining violations (i.e., for violation of California Labor Code §§ 98.6, 201, 2802 etc.).

58.     PLAINTIFF has fully complied with the statutory requirements of California Labor Code § 2699.3.  Correspondence was sent as required on or about April 16, 2012, which gave written notice by certified mail to the California Labor and Workforce Development Agency and the employer of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  More than 33 days have passed since PLAINTIFF gave written notice, yet PLAINTIFF has not yet received notice that the Labor and Workforce Development Agency intends to pursue an action for penalties against DEFENDANTS.

59.     DEFENDANTS' failure to pay PLAINTIFF wages due and owing PLAINTIFF, as indicated in prior paragraphs, was willful.  DEFENDANTS have knowingly refused to pay any portion of the amount due and owing PLAINTIFF. Further, DEFENDANTS have not taken any actions to "cure" the Labor Code

1 | violations pursuant to California Labor Code § 2699 et seq.

## SEVENTH CAUSE OF ACTION

### (Action brought by PLAINTIFF for Unfair

### Competition/Violation of Business and Professions Code § 17200

### Against All DEFENDANTS)

60.     PLAINTIFF incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

61.     This cause of action is being brought pursuant to California Business and Professions Code section 17200 and California case law including Cortez v. Purolator Air Filtration Products Co., 96 Cal.Rptr.2d 518 (2000).

62.     It is alleged that DEFENDANTS have willfully failed to pay PLAINTIFF wages owed, misclassified PLAINTIFF as an independent contractor, and failed to provide him with wage deduction statements as required by California Labor Code § 226.  These actions constitute unfair business practices pursuant to California Business and Professions Code section 17200.

63.     As a result of the conduct of DEFENDANTS, DEFENDANTS profited from breaking the law.  PLAINTIFF seeks a disgorgement of this unlawfully obtained benefit.  DEFENDANTS should be compelled to pay him all of the benefits he would have received as an employee.

64.     California Business and Professions Code section 17203, under the authority of which a restitutionary order may be made, provides: "Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such

1 │ unfair competition."

2 │ **EIGHTH CAUSE OF ACTION**

3 │ **(Action brought by PLAINTIFF for Violation of Labor Code § 226.8**

4 │ **Against All DEFENDANTS)**

5 │     65.    PLAINTIFF incorporates by reference and re-alleges each and every one

6 │ of the allegations contained in the preceding and foregoing paragraphs of this

7 │ Complaint as if fully set forth herein.

8 │     66.    California Labor Code section 226.8 provides, in relevant part: "It is

9 │ unlawful for any person or employer to engage in any of the following activities: (1)

10 │ Willful misclassification of an individual as an independent contractor." Section 226.8

11 │ goes on to establish a penalty of up to $25,000 per violation.

12 │     67.    As alleged herein, DEFENDANTS violated section 226.8 by intentionally

13 │ and willfully misclassifing PLAINTIFF as an independent contractor.

14 │     68.    PLAINTIFF seeks up to the maximum allowable penalty under section

15 │ 226.8 for the intentional misclassification as an independent contractor.

16 │ **PRAYER FOR RELIEF**

17 │     WHEREFORE, PLAINTIFF demands judgment against DEFENDANTS, and

18 │ each of them, as follows:

19 │ ON THE FIRST CAUSE OF ACTION

20 │     1.    Judgment against DEFENDANTS for an amount equal to PLAINTIFF's

21 │ unpaid minimum wages;

22 │     2.    A finding that DEFENDANTS violated the FLSA by failing to compensate

23 │ PLAINTIFF at the federal minimum wage;

24 │     3.    A finding that DEFENDANTS's violation of the FLSA is willful;

25 │     4.    An equal amount to the unpaid wages as liquidated damages pursuant to 29

26 │ U.S.C. § 216(b);

27 │     5.    All costs and reasonable attorney's fees incurred prosecuting this claim

28 │ pursuant to 29 U.S.C. § 216(b);

6. An award of pre- and post- judgment interest, as provided by law; and

7. For such further relief as the Court deems just and equitable.

ON THE SECOND CAUSE OF ACTION

8. For wages owed according to proof;

9. For a statutory penalty under California Labor Code section 203;

10. For interest on all wages owed under California Labor Code section 218.6;

11. For prejudgment interest pursuant to California Civil Code §§ 3288 and 3291 on all amounts claimed;

12. For attorneys fees and costs; and

13. For any other and further relief that the Court considers proper.

ON THE THIRD CAUSE OF ACTION

14. For compensatory damages and/or penalties pursuant to California Labor Code § 226;

15. For reasonable attorney's fees, pursuant to law (California Labor Code § 226(e));

16. For costs of suit; and

17. For any other and further relief that the Court considers proper.

ON THE FOURTH CAUSE OF ACTION

18. For damages incurred by PLAINTIFF amounting to the actual cost of the equipment and phone service purchased by PLAINTIFF as required by DEFENDANTS for the necessary discharge of his duties; and the actual costs of using his vehicles as required by DEFENDANTS for the necessary discharge of his duties, according to proof at trial; and any other un-reimbursed expenses proven at trial;

19. For interest on the amounts identified above as provided by California Labor Code section 2802(b);

20. For the payment of attorney's fees pursuant to California Labor Code section 2802(c), and as otherwise provided by law;

21. For reasonable attorneys' fees pursuant to law and in an amount to be

1 | determined by the Court;

2 | 22. For costs of suit herein incurred; and

3 | 23. For any other and further relief that the Court considers proper.

4 | ON THE FIFTH CAUSE OF ACTION

5 | 24. For compensatory, general and special damages according to proof;

6 | 25. For punitive damages, according to proof;

7 | 26. For attorneys' fees and costs pursuant to law;

8 | 27. For prejudgment interest pursuant to Civil Code §§ 3288 and 3291 on all
9 | amounts claimed; and

10 | 28. For any other and further relief that the Court considers proper.

11 |

12 | ON THE SIXTH CAUSE OF ACTION

13 | 29. For civil penalties for each Aggrieved Employee for each violation alleged
14 | aforesaid, to be distributed in accordance with California Labor Code § 2699; directing
15 | that the amount of unpaid wages awarded recovered as penalties pursuant to Labor
16 | Code § 558 be paid to each affected employee in accordance with Labor Code § 558(3)
17 | and the penalties otherwise awarded be distributed as follows: 75% paid to the Labor
18 | and Workforce Development Agency, and 25% be paid to PLAINTIFF;

19 | 30. For attorneys' fees and costs pursuant to California Labor Code §2699(g);
20 | and

21 | 31. For any other and further relief that the Court considers proper.

22 | ON THE SEVENTH CAUSE OF ACTION

23 | 32. For an equitable order, ordering DEFENDANTS to pay PLAINTIFF all
24 | wages, expenses, interest, and penalties he is owed;

25 | 33. For any and all injunctive relief this Court deems necessary pursuant to
26 | California Business and Professions Code section 17203;

27 | 34. For attorney's fees and costs;

28 | 35. For prejudgment interest pursuant to California Civil Code §§ 3288 and

3291 on all amounts claimed.

## ON THE EIGHTH CAUSE OF ACTION

36.     For an injunction pursuant to California Labor Code § 226.8 (e);

37.     For penalties pursuant to California Labor Code § 226.8 (b) and or (c),

38.     For all compensable damages;

39.     For costs of suit; and

40.     For any other and further relief that the Court considers proper.

Dated:   August 9, 2013                          PALAY LAW FIRM

                                                 MICHAEL A. STRAUSS
                                                 Attorneys for Plaintiff

1

## **JURY DEMAND**

2    PLAINTIFF hereby demands a trial by jury.

3  Dated:   August 9,  2013                    PALAY LAW FIRM

4

5                                             MICHAEL A. STRAUSS
                                              Attorneys for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28